IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE DAMMONES, | ) | Civil Action No. 7:12-cv-00498 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LYNCHBURG ADULT DETENTION | ) | |
| CENTER, et al., | ) | By:    Hon. Michael F. Urbanski |
|     Defendants. | ) |         United States District Judge |

Christopher Lee Dammones, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Lynchburg Adult Detention Center ("Jail") and the Blue Ridge Regional Jail Authorities. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in the Complaint. Sergeant Mark and Sergeant Murphy responded to a fight between plaintiff and another inmate at the Jail. Plaintiff denies injuring the other inmate and alleges that the two officers broke the inmate's eye socket while intervening. Lieutenant E.S. Goad, the Jail's Internal Affairs Officer, investigated the fight, concluded that plaintiff broke the other inmate's eye socket, and filed a criminal complaint against plaintiff for aggravated malicious wounding. A jury convicted plaintiff of the crime, and plaintiff now seeks $21 million against defendants for malicious prosecution, negligence, threats, and emotional distress. Plaintiff also complains that unidentified people threaten and harass him and an unidentified officer spits in his food.

**II.**

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither the Jail nor a group of persons, like the Blue Ridge Regional Jail Authorities, is a

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

"person" subject to 42 U.S.C. § 1983.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Brownlee v. Williams, No. 2:07cv0078, 2007 U.S. Dist. LEXIS 20650, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (reasoning jails are not "persons" for § 1983 litigation); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983).

Even if plaintiff had named an appropriate defendant, he fails to state a claim upon which relief may be granted.  Plaintiff may not recover damages for emotional injuries without an accompanying physical injury; plaintiff does not identify a municipal policy, practice, or custom that caused the injury; a correctional officer's negligence is not actionable via § 1983, and a correctional officer's threatening language and gestures do not violate a civil right.  See, e.g., 42 U.S.C. § 1997e(e); Monell, 436 U.S. at 694; Davidson v. Cannon, 474 U.S. 344 (1986); Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).  Furthermore, plaintiff may not recover damages via § 1983 for an allegedly unconstitutional conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ."[2]  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the crimes for which he was convicted: if it

---

[2] To the extent plaintiff challenges the validity of his conviction because of due process violations and the ineffective assistance of counsel, plaintiff's sole remedy in federal court is a properly filed habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release).

3

were not for correctional officers' negligence and malicious prosecution, plaintiff claims he would not have been convicted of aggravated malicious wounding. Plaintiff cannot prove favorable termination because he is still convicted of the crime for which he seeks monetary relief. Moreover, plaintiff's allegation that an unidentified officer spits in his food is conclusory and does not entitle plaintiff to relief against defendants. Accordingly, plaintiff fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: December 14, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge